E-FILED
Thursday, 07 April, 2022 02:09:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE WINSTON, )<br>  Plaintiff, )<br> )<br>vs. )   Case No. 21-4197<br> )<br>M. THOMAS, et. al., )<br>  Defendants ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough

facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff's complaint identifies five Defendants including Security Therapy Aide (STA) M. Thomas, Internal Affairs Officer Marie Durant, Clinical Director Jumper, Team Leader Lodge, and Security Therapy Aide C. Parsons. However, Plaintiff's complaint includes seemingly unrelated claims which are difficult to decipher.

For instance, Plaintiff first alleges on November 7, 2021, he asked Defendant Thomas for cleaning supplies but she "looked up and treated me as unworthy of regard or notice." (Comp., p. 5). Instead, the Defendant assisted another inmate.

Later in the day, a female STA came to escort Plaintiff to the law library. Plaintiff said he was unsure if he was required to have a male escort. When the STA inquired whether there was a restriction, Defendant Thomas yelled "unfortunately he is." (Comp., p. 5). Plaintiff believes the comment was unprofessional and meant to taunt him. Plaintiff chose to file his lawsuit in federal court pursuant to 42 U.S.C.§1983. Defendant Thomas' conduct or comments do not rise to the level of a constitutional violation.

The remaining pages of Plaintiff's complaint present a confusing array of claims. Plaintiff begins alleging an unnamed STA woke him up by opening a janitor's closet by his room and at some unspecified point spoke to his roommate about reporting when Plaintiff was naked. Plaintiff also makes general statements concerning a denial of access to the courts followed by a claim concerning a denial of due process concerning a disciplinary ticket. It is unclear if Plaintiff is referring to the same events or different

events and his citations to case law and argument add to the confusion. Plaintiff also does not refer to each of his named Defendants in his complaint, but does mention the conduct of "Defendant Ms. Susan Bollinger" who was not identified as a Defendant. (Comp., p. 7).

Plaintiff is first admonished he cannot combine unrelated claims against different defendants in one lawsuit. *George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). In addition, he must limit his claims to violations of his constitutional rights. Finally, for any claim, Plaintiff must provide a clear and concise statement of his intended claim and he must clearly indicate how each Defendant was involved in his claims.

Plaintiff's complaint is dismissed as a violation of Federal Rules of Civil Procedure 8, 18, and 20. The Court will allow Plaintiff ONE opportunity to file an amended complaint clearly stating his intended claims. Plaintiff MUST abide by the following directions:

1) Plaintiff's amended complaint must stand complete on its own, include all claims and defendants, and must not refer to any other filing.

2) Plaintiff's amended complaint must not include caselaw or argument to avoid confusion.

3) Plaintiff's amended complaint must provide a short and plain statement of his claims. In other words, Plaintiff should provide numbered paragraphs. For each paragraph, Plaintiff should state what happened, when it happened, and how any named Defendant was involved.

4) Plaintiff must not include unrelated claims against different Defendants in one lawsuit.

5) Plaintiff must not repeat claims pending in his other lawsuit, *Winston v. Jones*, Case No. 21-4031, and he must not simply repeat claims considered and dismissed in this order.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rules of Procedure 8, 18, and 20.

2) Plaintiff must file an amended complaint in compliance with this order on or before April 29, 2022. If Plaintiff fails to file his amended complaint on or before the deadline or fails to follow the Court's directions, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his claims. [5]. In any renewed motion, Plaintiff must also demonstrate an attempt to find counsel to represent him in this case. *See Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021).

4) Plaintiff's motion for review of his claims is denied as moot. [10].

5) The Clerk is to provide Plaintiff with a blank complaint form to assist him and to reset the internal merit review deadline within 30 days of this order.

ENTERED this 7th day of April, 2022.

                                                                 s/ James E. Shadid
_____
                                                               JAMES E. SHADID
                                         UNITED STATES DISTRICT JUDGE